The High School Board in Department of Education of State of Ohio et al., Appellants, *v.* The Board of Education of Roundhead Local School District et al., Appellees.

(No. 418—Decided January 14, 1953.)

*Mr. C. William O'Neill,* attorney general, and *Mr. George C. McConnaughey, Jr.,* for appellants.

*Mr. C. A. Faulkner* and *Mr. Thomas Dowd,* for appellees.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hardin County rendered by it on an appeal from the order of the Superintendent of Public Instruction of the State of Ohio and the State High School Board refusing to renew the first grade temporary charter of the high school in Roundhead Local School District, which order had the legal effect of revoking the charter of that high school.

The order from which the appeal to the Common Pleas Court was taken is in the words and figures following, to wit:

"April 29, 1952

"Mr. Robert Shipp, President
"Roundhead Local Board of Education
"Belle Center, Ohio
"Dear Mr. Shipp:
"Your board of education was given a hearing before the High School Board on April 14. The High School Board again reviewed the notes of that hearing and the supervisor's report relative to your school. In light of the deficiencies shown by the supervisor's report the High School Board passed a resolution on April 28, 1952 to the effect that it would not recommend the renewal of the first grade temporary charter of the Roundhead High School when it expires on July 1, 1952.

"According to Section 154-46e, I am legally obligated to follow the recommendations of the High School Board relative to the chartering of high schools. Since this is the case, it will be necessary for you to make some arrangements to assign the pupils in grades 9-12 to some approved high school for next year.

"Any communication relative to the action of the High School Board should be addressed to R. M. Ey-

man, Chairman, or R. M. Garrison, Secretary of the High School Board.

> "Very truly yours,
> "/a/ Clyde Hissong
> "Clyde Hissong

"CH:L           "Director

> "cc to Co. Supt. F. C. Ransdell
>> "Ex. Head Howard Browns, Roundhead
>> "Byron Osborn, Vice-Pres., Roundhead
>> "Burke Neville, Clerk, Roundhead
>> "Wilson Dodds, Member, Belle Center
>> "Howard T. Cox, Member, Belle Center
>> "H. G. Harvey, Member, Belle Center."

The appeal to the Common Pleas Court was taken by the Board of Education of Roundhead Local School District, The Roundhead organization of parents and teachers, Frank Shaffer and Ted Mulholland, who are the appellees on the appeal from Common Pleas Court to this court, the appellants in this court being The High School Board in the Department of Education of the State of Ohio, and Clyde Hissong, Director of Education of the State of Ohio, who, in the record before us for review, is referred to also as the Superintendent of Public Instruction of the State of Ohio.

The Board of Education of the Roundhead Local School District gave notice to the High School Board in the Department of Education in the State of Ohio, and Clyde Hissong, Director of Education of the State of Ohio to prepare and certify to the Court of Common Pleas of Hardin County a complete record of the proceedings pertaining to the above-quoted order.

In response to the notice a letter under the date and in the words and figures following was addressed to and received by the clerk of the Common Pleas Court of Hardin County, and together with the exhibits there-

in referred to, which are not herein incorporated in the copy of said letter, filed in the cause:

"May 28, 1952

"Clerk of Courts  Board of Education Round-
"Court of Common Pleas  head Local School District;
"Hardin County  et al., appellants
"Kenton, Ohio.  vs

The H. S. Board in the De-
partment of Education of
the State of Ohio, et al.,
appellees

"Dear Sir:  No. 26378

"In response to a request of the Court of Common Pleas to the High School Board in the State Department of education, State of Ohio, and Clyde Hissong, Director of Education of the State of Ohio, to prepare and certify to the Court of Common Pleas a record of the proceedings with reference to the revocation of the high school charter of Roundhead Local High School, we are attaching herewith certain exhibits. They are not a record of proceedings such as are referred to in Section 154-73 G. C. for the reason that the State Department of Education has not followed the provisions of the Administrative Procedure Act.

"*Exhibit A.* Copies of that portion of the minutes of the High School Board with reference to Roundhead Local School District, Hardin County, Ohio.

"*Exhibit B.* Policies established by the High School Board to guide the board in making its recommendations to the State Superintendent of Public Instruction.

"*Exhibit C.* Report of the supervisor to the High School Board on the violation of the High School Standards by the Roundhead Local School District.

"*Exhibit D.* Copy of a letter under date of June 22, 1951, to Mr. Crosby Manchester, Jr., President of

the Roundhead Local Board of Education, concerning the granting of a temporary first grade charter to the Roundhead High School, valid to July 1, 1952.

"*Exhibit E.* Copy of a letter under date of February 27, 1952, to Mr. Robert Shipp, President of the Roundhead Local Board of Education, concerning the refusal to renew the Roundhead High School charter after it expires on June 30, 1952.

"*Exhibit F.* Copy of letter under date of March 27, 1952, from Mr. R. M. Garrison to Mr. Frank C. Ransdell, Superintendent of Hardin County Schools, concerning the time for the hearing granted the Roundhead Board of Education by the High School Board.

"*Exhibit G.* A copy of a letter under date of April 29, 1952, to Mr. Robert Shipp, President of the Roundhead Local Board of Education concerning a resolution of the High School Board of April 28, 1952, to the effect that it would not recommend the renewal of the first grade temporary charter of the Roundhead High School when it expires on July 1, 1952.

"It has been the intention of the State Superintendent of Public Instruction and the High School Board to proceed at all times in accordance with Section 154-46e of the Ohio School Code*, High school standards have been established in accordance with this section of law, with the last revision of such standards being made in 1947, and each school in the state was furnished a copy of these standards.

"In meeting the obligations outlined under Section 154-46e, the State Department of Education has had for years a number of high school supervisors who visit regularly the schools throughout the state, and it is their findings which are submitted to the High School Board. The High School Board then, in accordance with authority granted under Section 154-

46*e*, makes recommendations to the State Superintendent of Public Instruction concerning the chartering of high schools. The State Superintendent of Public Instruction, in accordance with the mandates of the law, in turn follows the recommendations of the High School Board in the issuance and the revocation of high school charters.

"The material attached to this communication is intended to give a fair picture of the policies, standards and procedures observed by the High School Board in making its recommendation concerning the Roundhead High School.

"Very truly yours,<br>"Clyde Hissong

"CH:L            Clyde Hissong

"cc: C. Wm. O'Neill, Attorney General

     "(\*) See Opinions of the Attorney General—1950
        "Page 601—Opinion No. 2263."

There appears in the files of the cause which were transmitted to this court by the Common Pleas Court a certificate signed by Ted W. Brown, as Secretary of State, to the effect that "in the rules and regulations filed by the Department of Education of the State of Ohio that I do not find a copy of the 'Ohio High School Standards' for the year 1947 in our files." This certificate bears a notation that it was filed in the Common Pleas Court on July 28, 1952, being the same date the Common Pleas Court filed the minutes of its decision. The certificate mentioned above is not identified, mentioned or referred to as an exhibit or otherwise in any of the other paper writings in the files of this cause and is not mentioned or referred to in the judgment of the Common Pleas Court, and, under the circumstances, it cannot be considered part of the record for review.

The appeal to the Common Pleas Court was sub-

mitted to that court on the notice of appeal, and the letter and exhibits attached thereto hereinbefore mentioned, which are referred to in the judgment of the Common Pleas Court as "the informal transcript of the evidence."

It does not appear that any of the parties objected to the submission of the cause in the Common Pleas Court on the letter and the exhibits thereto, and as the parties who are appellants in this court assumed the responsibility of furnishing the record in the manner it was furnished, they are precluded from making any objection as to the form or incompleteness of the rec-. ord. The exhibits mentioned in the letter do reflect the actions of the High School Board and the Superintendent of Public Instruction in making the order from which the appeal was taken to the Common Pleas Court, and the letter and exhibits, although irregular in form, do constitute a sufficient record for review as they show affirmatively that the only matters involved in this proceeding are matters of law.

Upon trial of this cause the Common Pleas Court rendered a judgment in the words and figures following, to wit:

"This cause came on to be heard on the appeal of the appellants herein from the order of the Superintendent of Public Instruction of the State of Ohio and the State High School Board revoking the charter of the high school in Roundhead Local School District, as of July 1, 1952, pursuant to Section 154-46e, General Code. This appeal was submitted to the court on the pleadings, the informal transcript of the evidence, and the arguments of counsel.

"On consideration whereof the court finds said order is not supported by reliable, probative and substantial evidence, and is not in accordance with law, in that appellees, heretofore herein found amenable to the State Administrative Procedure Act, followed

not the required procedural steps thereof in making this said order; and further that said order is not in accordance with law for the substantive reason that Section 154-46e of the General Code of Ohio, as amended effective October 25, 1949, from which appellees drew pretended authority for the making thereof, is unconstitutional, in that by the provision thereof the Legislature delegated law-making functions to an executive official instead of itself enacting uniform statutory standards for application by such administrative official to facts found and determined by him, upon hearing had, as provided for by the State Administrative Procedure Act.

"It is therefore considered by the court, pursuant to Section 154-73, General Code, that the said order revoking the high school charter of the high school in Roundhead Local School District, be and the same hereby is, vacated, reversed and set aside; and that the appellants may recover from the appellees their costs herein expended. To all of which the State Superintendent of Public Instruction and the State High School Board except. Copy of this entry ordered certified to Superintendent of Public Instruction as provided by law."

This is the judgment from which this appeal is taken to this court.

The appellants, the High School Board of the Department of Education of the State of Ohio, and Clyde Hissong, Director of Education of the State of Ohio, assign error in the following particulars, to wit:

"I. The Common Pleas Court of Hardin County erred in accepting, hearing and determining the appeal taken by the Board of Education of Roundhead Local School District, The Roundhead Organization of Parents and Teachers, Frank Shaffer and Ted Mulholland under the provisions of the Administrative Procedure Act for the reason that said court was with-

out jurisdiction to accept, hear, and determine the same.

"II. The Common Pleas Court of Hardin County erred when it accepted for determination the question of the constitutionality of Section 154-46e, General Code, and also when it decided that Section 154-46e, General Code was unconstitutional."

These assignments will be considered in the order mentioned.

Whether the order from which the appeal was taken to the Common Pleas Court comes within the purview of Sections 154-61 to 154-74, General Code, known as the Administrative Procedure Act, must be determined from a consideration of that act.

The following provisions are pertinent to a consideration of this question:

Section 154-62. "The following words when used in this act shall have the meanings respectively ascribed to them in this section:

"'Agency' means and includes, except as hereinafter limited, any official, board or commission having authority to promulgate rules or make adjudications in the bureau of unemployment compensation, the State civil service commission, the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, the functions of any administrative or executive officer, department, division, bureau, board or commission of the government of the State of Ohio specifically made subject to the provisions of the administrative procedure act, and the licensing functions of any administrative or executive officer, department, division, bureau, board or commission of the government of the state of Ohio having the authority or responsibility of issuing, suspending, revoking or cancelling licenses. This act shall not apply to the Public Utilities Commission, nor shall it apply to actions of the superin-

tendent of banks, the superintendent of building and loan associations and the superintendent of insurance in the taking possession of, and rehabilitation or liquidation of, the business and property of banks, and building and loan associations, insurance companies, associations, reciprocal fraternal benefit societies and bond investment companies, nor to any action that may be taken by the superintendent of banks under the provisions of sections 710-19, 710-88a and 710-107a of the General Code. This act shall not apply to actions of the industrial commission under the provisions of sections 1465-37 to 1465-112, both inclusive, of the General Code, anything in this act to the contrary notwithstanding. This act shall not apply to actions of the bureau of unemployment compensation except those relating to the adoption, amendment or rescission of rules, and those relating to the insurance [issuance], suspension, revocation or cancellation of licenses.

" 'License' means and includes any license, permit, certificate, commission or charter issued by any agency.

" * * *

" 'Adjudication' means and includes the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits or legal relationships of a specified person or persons, but does not include the issuance of a license in response to an application with respect to which no question is raised nor other acts of a ministerial nature.

" 'Hearing' means a public hearing by any agency in compliance with procedural safeguards afforded by the provisions of this act.

" 'Person' means and includes person, firm, corporation, association or partnership.

" 'Party' means and includes the person or persons whose interests are the subject of an adjudication by an agency.

" 'Appeal' means and includes the procedure by which a person aggrieved by a finding, decision, order or adjudication of any agency, invokes the jurisdiction of a court."

From an examination of the foregoing provisions it is clear that the superintendent of public instruction and the high school board of the Department of Education, in granting a temporary first grade charter to the Roundhead High School and subsequently refusing to renew such temporary charter, constituted a licensing agency and were exercising a licensing function on behalf of the state of Ohio, and as such, were agencies, whose actions in the exercise of such licensing functions constituted adjudications which were appealable to the Common Pleas Court of Hardin County under the provisions of the Administrative Procedure Act, and particularly under Section 154-73, General Code, the pertinent part of which reads as follows:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal to the Common Pleas Court of the county in which the place of business of the licensee is located or the county in which the licensee is a resident from the order of said agency, provided, however, that appeals from decisions of the Board of Liquor Control shall be to the Court of Common Pleas of Franklin County only. If any such party is not a resident of and has no place of business in Ohio he may appeal to the Common Pleas Court of Franklin County."

Under the provisions of Section 4834, General Code, the Roundhead Board of Education is a body corporate and its place of business and residence is Hardin county, and within the purview of Section 154-73, Gen-

eral Code, it is a licensee with the right to appeal from the order of adjudication hereinbefore mentioned.

For the reasons above-mentioned the first assignment of error is without merit.

2. Under the second assignment of error, the appellant contends that the court erred, first, in not deciding the cause on matters other than the constitutionality of the provisions of the statute pursuant to which the superintendent of public instruction and the high school board were acting and, second, in deciding that the statute was unconstitutional.

These statutory provisions conferring whatever authority the superintendent of public instruction and the high school board had to act in the premises are as follows:

Section 154-46e. "The superintendent of public instruction shall prescribe suitable forms and regulations for the reports and other proceedings required by the school laws, with such instructions for the organization and government of schools, including the classification and chartering of high schools, as he deems necessary, and transmit them to the local school officers, who shall be governed thereby in the performance of their duties. In classifying and chartering high schools, the superintendent of public instruction shall be guided by the recommendations of an advisory board of five members, hereby created in the department of education, to be known as the high school board. The membership of such board shall include the assistant director of education and four members of the staff of the state department of education appointed to such board by the superintendent of public instruction and to serve during his pleasure. The superintendent of public instruction shall, upon recommendation of the high school board, revoke the charter of any high school which fails to meet the standards of high schools as prescribed by the state department

of education. In case a high school charter is revoked, the board of education maintaining such high school shall assign the pupils to an approved high school.''

An inspection of the above provisions discloses that they purport to give to the superintendent of public instruction authority to classify and charter high schools. This authority so conferred, is unlimited except that he is required to be guided by the recommendations of an advisory board known as the high school board, the members of which board are all appointed by the superintendent of public instruction, and upon recommendation of such board he is required to revoke the charter of any high school which fails to meet the standards of high schools as prescribed by the state department of education.

There are no statutory provisions determining the method or means of classifying or chartering high schools and there are no statutory provisions fixing the standards of such schools. As the statutory provisions now stand the manner and method of classifying and chartering high schools and the standards established for such schools are wholly within the absolute and uncontrolled discretion of the superintendent of public instruction and the high school board.

These statutes, purporting to confer such authority, are not indefinite and are sufficiently broad to confer the authority exercised by the superintendent of public instruction and the high school board in the premises mentioned and such statutes are not subject to being declared invalid because of indefiniteness and such statutory provisions and the acts of the superintendent of public instruction and high school board pursuant thereto are binding upon all parties hereto unless such statutory provisions are unconstitutional.

We are familiar with the rule stated in 11 American Jurisprudence, 723, Section 94:

''It is settled as a general principle that courts will

not pass on the constitutionality of an act of the Legislature if the merits of the case in hand may be fairly determined otherwise without so doing.  * * * Hence, if the case may be decided on either one of two grounds and one of these does not involve the constitutionality of a statute, the court will decide it on that ground.''

However, this rule has no application to the instant case as the cause cannot be decided upon the theory that the statutory provisions conferring authority upon the superintendent of public instruction and the high school board are indefinite or upon any basis other than the unconstitutionality of the statutory provisions mentioned.

Applicable to the consideration of the validity of the statutory provisions conferring the authority hereinbefore mentioned are the following rules of law which were applied to commissions and boards but which apply with equal force to the superintendent of public instruction and the high school board, to wit:

''It is an accepted doctrine in our constitutional law that the law-making prerogative is a sovereign power conferred by the people upon the legislative branch of the government, in a state or the nation, and cannot be delegated to other officers, board or commission, or branch of government.  Thus neither the Congress of the United States nor the General Assembly of Ohio can delegate its legislative power, but may confer administrative power on an executive, a board or commission.

''* * *

''The discretion conferred must not be 'unconfined and vagrant' and must be 'canalized within banks that keep it from overflowing.'  (Mr. Justice Cardozo in *Panama Refining Co.* v. *Ryan, supra.*)

''If such general rule-making power could be conferred indiscriminately, the Legislature could meet,

create commissions, pass on to them the duties of legislation and then adjourn *sine die.* Without restrictions on the commission's power, rules and regulations of whatever kind could be adopted by it without notice, and changed overnight. The result would be that statutory law would lose its significance and legal rights would be grounded in great measure upon the readily alterable rules and regulations of boards and commissions. Thus the constitutional right of referendum would be denied, government would be given over to the despotic rule of administrative authorities and bureaucracy would run wild. * * *

"Exceptions to this rule have been made from time to time and reasons therefor often exist. * * * There are many instances where it is impossible or impracticable to lay down criteria or standards without destroying the flexibility necessary to enable the administrative officers to carry out the legislative will; especially may such a contingency arise when the discretion conferred relates to police regulations. In such cases it has been held unnecessary to declare the policy of the law by establishing definite restrictions. * * * Exceptions of this character should be made with discrimination and foresight, and only in cases where absolutely necessary to accomplish the legislative objective." *Matz, Admr.,* v. *J. L. Curtis Cartage Co.,* 132 Ohio St., 271, 7 N. E. (2d), 220.

See, also, *Weber* v. *Board of Health, Butler County,* 148 Ohio St., 389, 74 N. E. (2d), 331.

The statutory provisions under consideration in this case clearly come within the general rules of law hereinabove set forth, and not within the exceptions to such general rules mentioned in *Matz* v. *Curtis Cartage Co., supra,* as such statutory provisions do not relate to a police regulation for the protection of the public morals, health, safety or general welfare, and the classification, chartering, and establishing of standards of

high schools authorized thereby are not matters which are impossible or impracticable to definitely fix and determine by legislative enactment. As a matter of fact until the enactment of the above-mentioned statutory provisions such classification and standards were fixed and determined by the Legislature. See Chapter 3, Title V, Part Second, Throckmorton's Annotated Code of Ohio, Baldwin's 1934 Certified Revision and subsequent amendments of the sections appearing in said chapter.

Such statutory provisions purport to vest in the superintendent of public instruction and high school board arbitrary authority to be exercised by said superintendent and board in their unlimited and uncontrolled discretion, and constitute a delegation of legislative power.

As said statutory provisions come within the general rules of law set forth in the *Matz case, supra*, and not within the exceptions therein mentioned such statutory provisions are unconstitutional and void.

Having determined that the Common Pleas Court properly had and exercised its jurisdiction upon the appeal to it and that there is no ground other than the ground of unconstitutionality of the statutory provisions in question for deciding the instant cause, and that said statutory provisions are unconstitutional, the assignments of error herein are without merit and the judgment of the Common Pleas Court is affirmed at the costs of the appellants, and the cause is remanded for execution.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.